MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2721
Facsimile:  (212) 637-2686
Email: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                Plaintiff,          :    DECLARATION IN SUPPORT
                                    :    OF DEFAULT JUDGMENT OF
                                    :    FORECLOSURE AND SALE
        v.                          :
                                    :    08 Civ. 4112 (WCC)
MICHAEL LANOS, JESSICA LANOS,       :
THE COUNTY OF ORANGE, JOHN DOES     :
NOS. 1-10 and JANE DOES NOS. 1-10,  :
                                    :
                Defendants.         :
                                    :
- - - - - - - - - - - - - - - - - -x

        Pursuant to the provisions of 28 U.S.C. § 1746, Tomoko

Onozawa declares as follows:

        1.   I am an Assistant United States Attorney in the

office of Michael J. Garcia, United States Attorney for the

Southern District of New York.  I am assigned to represent the

plaintiff United States of America in this action, and I am

familiar with the matters set forth in this declaration.  The

facts set forth in this declaration are derived from the files

and records of the Rural Housing Service of the United States

Department of Agriculture ("RHS"), formerly known as the Farmers Home Administration ("FHA"), and the files and records of this Court.

2.   I submit this declaration in support of plaintiff's application, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for the entry of a default judgment.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3.   This is an action to foreclose the mortgage on real property located in the City of Port Jervis, County of Orange and State of New York, within the Southern District of New York (the "Premises").  This action was commenced on May 1, 2008, with the filing of the complaint and issuance of a summons.  A true and correct copy of the complaint is annexed hereto as Exhibit 1 (the "Complaint").

4.   The Complaint alleges the following facts: On or about March 16, 2005, defendants Michael Lanos and Jessica Lanos ("Borrowers") executed and delivered a secured promissory note to RHS in the principal amount of $163,400.00, plus interest at the rate of 6.0% annually ("the Note").  A true and correct copy of the Note is attached to the Complaint as Exhibit A.

5.   On March 16, 2005, to secure payment of the Note, Borrowers also executed and delivered a Real Estate Mortgage ("the Mortgage") with the Note in favor of RHS covering the Mortgaged Property, described therein.  The Mortgage was recorded

on March 24, 2005, in the Orange County Clerk's Office, in Liber No. 11788 of Mortgages at Page 1408.  A true copy of the Mortgage is attached to the Complaint as Exhibit B.

6.  The Mortgage and the Note require Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the Mortgaged Property insured. The Mortgage further provides that in the event of a default in making such payments, the Government is authorized to make such payments as advances for the account.  Pursuant to the terms of the Mortgage, such advances together with the interest thereon are immediately due and payable by Borrowers to the Government, without demand, and are secured by the Mortgage.

7.  On March 16, 2005, RHS and Borrowers entered into a Subsidy Repayment Agreement (the "Subsidy Repayment Agreement"). Pursuant to 42 U.S.C. § 1490a and the terms of the Mortgage, any interest credit assistance is subject to recapture upon disposition of the Mortgage Property.  The amount subject to recapture is $11,515.44.  A true and correct copy of the Subsidy Repayment Agreement is attached to the Complaint as Exhibit C.

8.  The Mortgage, the Note, and the Subsidy Repayment Agreement required Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the

3

Mortgaged Property insured.  The Mortgage further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account. Pursuant to the terms of the Mortgage, such advances together with the interest thereon are immediately due and payable by Borrowers to the Government, without demand, and are secured by the Mortgage.

9.  On August 16, 2006, RHS sent a letter to Borrowers confirming a delinquency workout agreement ("the Delinquency Workout Agreement").  The letter indicated that as of August 16, 2006, Borrowers were $1,975.01 past due on payments on their account.  Under the Delinquency Workout Agreement, Borrowers were obligated to make both a regular monthly payment plus an additional payment of $82.30 each month, beginning September 16, 2006, for a period of 24 months.  Under the Delinquency Workout Agreement, failure to make payment on this schedule automatically voided the agreement.  A true and correct copy of the Delinquency Workout Agreement is attached to the Complaint as Exhibit D.

10.  On July 16, 2007, RHS sent Borrowers a letter notifying them that it had not received payments under the Delinquency Workout Agreement and, as such, the Delinquency Workout Agreement had been terminated. A copy of the July 16, 2007 letter is attached to the Complaint as Exhibit E.

4

11.    On or about October 3, 2007, a notice of default and demand letter was sent to each of the Borrowers.  In that letter, RHS advised Borrowers that due to their continued failure to make the required mortgage payments, and in accordance with the terms of the Mortgage and Note, the indebtedness due on the Note was accelerated and deemed to be immediately due and payable.  True and correct copies of the October 3, 2007 letters are annexed to the Complaint as Exhibit F.

12.    By letter dated March 7, 2008, which was sent by certified mail, return receipt requested, and by first class mail, the United States again informed Borrowers that they were in default on the Mortgage.  This letter advised Borrowers that the Mortgage would be foreclosed if satisfactory payment was not received by April 7, 2008.  True and correct copies of the March 7, 2008 letters are annexed to the Complaint as Exhibit G.

13.    The Borrowers are in default on the Note and the Mortgage, having failed to make payments of principal and interest thereon, although payment thereof has been duly demanded by RHS.  The Borrower has not paid various real property taxes with respect to the mortgaged property, and plaintiff has made such payments as advances for the account.  See Affidavit of Amount Due, annexed hereto as Exhibit 2.

14.    As of July 8, 2008, there is due and owing to the plaintiff the principal amount of $149,850,59, plus accrued

5

interest in the amount of $11,060.20, plus advances in the amount of $4,690.61, plus $116.91 interest on the advances, $11,515.44 for interest credit assistance and $91.05 in uncollected late charges. The total amount of the debt as of July 8, 2008 is $177,324.80. See Exhibit 2.

15. Interest continues to accrue on the note account at a daily rate of $24.633 and on the advance account at a daily rate of $0.696, for a total rate of $25.329 per day until the date of entry of judgment.

16. Plaintiff has incurred costs in the amount of $1345.00 in pursuing this matter. These costs include the filing fee, fees paid for service of the pleadings and title report fees. In addition, plaintiff is entitled to the statutory allowance of $500.00 for foreclosure costs under Sections 8302(b), 8302(d) and 8303(a)(1) of the New York Civil Practice Law and Rules. See Statement of Judgment, attached as Exhibit 3.

17. The total amount of judgment, including costs, as of June 11, 2008, is $177,902,20. See Exhibit 3.

18. Defendant Michael Lanos was personally served with a copy of the summons, complaint, notice of pendency and required notices regarding electronic case filing on May 13, 2008; defendant Jessica Lanos was served with a copy of the summons, complaint, notice of pendency and required notices regarding electronic case filing on May 13, 2008, by delivery to Michael

6

Lanos, a person of suitable age and discretion; defendant The County of Orange was served with a copy of the summons, complaint, notice of pendency and required notices regarding electronic case filing on May 13, 2008, by delivery to John Ebert, an individual authorized to accept service of process on defendant The County of Orange.

19. On May 28, 2008, the summonses and proofs of service were filed with the Clerk of the Court. True and correct copies of the summonses and the proofs of service are attached hereto as Exhibit 4.

20. None of the defendants has answered or made any motion with respect to the complaint, and the time for the defendants to answer or make any motion with respect to the complaint has expired. Accordingly, defendants are now in default. See Clerk's Certificate of Default, attached hereto as Exhibit 5.

21. The amount shown above and on the statement of judgment annexed hereto is justly due and owing, and no part thereof has been paid and the disbursements sought to be taxed have been made in this action.

22. Upon information and belief, defendants are not in the military of the United States, and none is an infant or incompetent person.

WHEREFORE, it is respectfully requested that the Clerk of this Court enter a default judgment against defendants, and it is further respectfully requested that this Court execute the default judgment provided herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          July 16, 2008

_____
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686
Email: tomoko.onozawa@usdoj.gov

**Exhibit 1**

08 CV 4112

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2721
Facsimile:  (212) 637-2686
Email: tomoko.onozawa@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,        :

          Plaintiff,        :

       v.        :

MICHAEL LANOS, JESSICA LANOS,        :
THE COUNTY OF ORANGE,        :
JOHN DOES NOS. 1-10 and        :
JANE DOES NOS. 1-10,        :

         Defendants.        :
                        :

- - - - - - - - - - - - - - - - - -x

ECF CASE

COMPLAINT

08 Civ.

      Plaintiff, United States of America ("the United

States" or "the Government"), by and through its attorney,

Michael J. Garcia, United States Attorney for the Southern

District of New York, for its complaint herein alleges upon

information and belief as follows:

<u>INTRODUCTION</u>

      1.  This is an action brought by the United States to

foreclose a mortgage on property located in the City of Port

Jervis, County of Orange and State of New York, within the

Southern District of New York.

JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the property is located within the Southern District of New York.

THE PARTIES

4.   The Rural Housing Service ("RHS") is an agency of the United States.

5.   Michael Lanos and Jessica Lanos ("Borrowers") reside at 16 Bruce Street, Port Jervis, New York (the "premises" or the "Mortgaged Property").

6.   Defendant The County of Orange is named as a defendant herein because it is the holder of a subordinate mortgage on the property.

7.   John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of the premises, or having or claiming an interest in or lien on the premises.

FACTS AND CLAIMS OF RELIEF

8.   On or about March 16, 2005, Borrowers executed and delivered a secured promissory note to RHS in the principal amount of $163,400.00, plus interest at the rate of 6.0% annually ("the Note").  A true and correct copy of the Note is attached hereto as Exhibit A.

2

9.   On March 16, 2005, to secure payment of the Note, Borrowers also executed and delivered a Real Estate Mortgage ("the Mortgage") with the Note in favor of RHS covering the Mortgaged Property, described therein.  The Mortgage was recorded on March 24, 2005, in the Orange County Clerk's Office, in Liber No. 11788 of Mortgages at Page 1408.  A true copy of the Mortgage is attached hereto as Exhibit B.

10.   The Mortgage and the Note require Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the Mortgaged Property insured. The Mortgage further provides that in the event of a default in making such payments, the Government is authorized to make such payments as advances for the account.  Pursuant to the terms of the Mortgage, such advances together with the interest thereon are immediately due and payable by Borrowers to the Government, without demand, and are secured by the Mortgage.

11.   On March 16, 2005, RHS and Borrowers entered into a Subsidy Repayment Agreement (the "Subsidy Repayment Agreement").  Pursuant to 42 U.S.C. § 1490a and the terms of the Mortgage, any interest credit assistance is subject to recapture upon disposition of the Mortgage Property.  The amount subject to recapture is $11,515.44.  A true and correct copy of the Subsidy Repayment Agreement is attached hereto as Exhibit C.

3

12.   On August 16, 2006, RHS sent a letter to Borrowers confirming a delinquency workout agreement ("the Delinquency Workout Agreement").  The letter indicated that as of August 16, 2006, Borrowers were $1,975.01 past due on payments on their account.  Under the Delinquency Workout Agreement, Borrowers were obligated to make both a regular monthly payment plus an additional payment of $82.30 each month, beginning September 16, 2006, for a period of 24 months.  Under the Delinquency Workout Agreement, failure to make payment on this schedule automatically voided the agreement.  A true and correct copy of the Delinquency Workout Agreement is attached hereto as Exhibit D.

13.   On July 16, 2007, RHS sent Borrowers a letter notifying them that it had not received payments under the Delinquency Workout Agreement and, as such, the Delinquency Workout Agreement had been terminated.  A copy of the July 16, 2007 letter is attached hereto as Exhibit E.

14.   On or about October 3, 2007, a notice of default and demand letter was sent to each of the Borrowers.  In that letter, RHS advised Borrowers that due to their continued failure to make the required mortgage payments, and in accordance with the terms of the Mortgage and Note, the indebtedness due on the Note was accelerated and deemed to be immediately due and payable.  True and correct copies of the October 3, 2007 letters are annexed hereto as Exhibit F.

4

15.  By letter dated March 7, 2008, which was sent by certified mail, return receipt requested, and by first class mail, the United States again informed Borrowers that they were in default on the Mortgage.  This letter advised Borrowers that the Mortgage would be foreclosed if satisfactory payment was not received by April 7, 2008.  True and correct copies of the March 7, 2008 letters are annexed hereto as Exhibit G.

16.  Despite the demands for payment, Borrowers have failed to make the installment payments required by the Note and the Mortgage, or otherwise made payments sufficient to render the loan current.  On account of Borrowers' default, the entire outstanding balance of principal and interest is now due.

17.  Borrowers further failed to make the necessary tax and insurance payments on the Mortgaged Property, thereby requiring the United States to advance such payments to protect its interest.

18.  As of April 30, 2008, Borrowers were justly indebted to the United States on the Note for the principal amount of $149,850.59, plus accrued interest on the principal in the amount of $9,360.52, plus subsidies in the amount of $11,515.44, plus uncollected late charges in the amount of $91.05, plus escrow/impound of $456.18, plus advances of $3,778.25, plus accrued interest on the advances in the amount of $70.76.  The total amount of the debt as of April 30, 2008 was

$175,122.79.  Interest continues to accrue on the principal
balance at a rate of 6.0% annually.  The daily per diem is
$24.6330 on the Note plus $0.4553 on the advances for a total per
diem of $25.0883.

  19.  In order to protect its security interest, the
United States may be compelled, during the pendency of this
action, to pay taxes, assessments, water or sewer rates, water
charges, insurance premiums, and any other charges affecting the
premises.  Plaintiff requests that any sums so paid be added to
the sum otherwise due, be deemed secured by the Mortgage, and
adjudged a valid lien on the premises herein described.

  20.  No other action has been commenced at law or
otherwise for the recovery of the sum, or any part thereof,
secured by the Note and Mortgage.

  WHEREFORE, plaintiff, United States of America,
respectfully requests that the Court:

  (a) enter judgment holding Michael Lanos and Jessica
Lanos in default on the Note and Mortgage;

  (b)  adjudicate the amount due plaintiff on the Note
and Mortgage;

  (c) enter judgment ordering that the named defendants,
and all other persons whose claims are subsequent to or recorded
after the filing of notice of pendency of this action in the
office of the Clerk of Orange County in the State of New York, be

forever barred and foreclosed from all right, title, claim, lien, or other interest in the Mortgaged Property;

(d)    enter an order directing the foreclosure and sale of the Mortgaged Property with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Note and Mortgage, with interest to the date of payment, plus costs and disbursements of this action; and

(e)    order such further relief as the Court may deem just.

Dated:      New York, New York
            April 30, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

By: _____
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York   10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686
Email: tomoko.onozawa@usdoj.gov

7

**Exhibit A**

USDA-RHS
Form FmHA 1940-16
Rev. 10-96)

# PROMISSORY NOTE

Type of Loan SECTION 502                                    Loan No.

Date: __March 16___ , _2005_

                        __16 Bruce Street__
                         (Property Address)

__Port Jervis___ , __Orange___ , __New York__
   (City or Town)      (County)       (State)

**BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors)("Government") $ __163,400.00__ (this amount is called "principal"), plus interest.

**INTEREST.** Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of __6.000__ %.The interest rate required by this section is the rate I will pay both before and after any default described below.

**PAYMENTS.** I agree to pay principal and interest using one of two alternatives indicated below:

[ ] I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _____ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____ , and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

[X] II. Payments shall not be deferred. I agree to pay principal and interest in __456__ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _16th_ day of each month beginning on __April 16__ , _2005_ and continuing for _455_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on __March 16__ , _2043_ , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ _910.68_ . I will make my monthly payment at __the post office__ __address noted on my billing statement__ or a different place if required by the Government.

**PRINCIPAL ADVANCES.** If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

**HOUSING ACT OF 1949.** This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

1

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of <u>15</u> days after the date it is due, I will pay a late charge. The amount of the charge will be <u>2.000</u> percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once on each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as describe in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

Account #

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA / Rural Housing Service, c/o Customer Service Branch, P.O. Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.**

| | | |
|---|---|---|
| _____ Seal | _____ Seal | |
| MICHAEL LANOS     Borrower | JESSICA LANOS     Borrower | |
| _____ Seal | _____ Seal | |
| Borrower | Borrower | |

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL   $ | |

Account #:

3

Exhibit B

ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE

THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

JUL 05 2005

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

SECTION __6__ BLOCK __11__ LOT __6__ & __7__

| Michael Lanos and Jessica Lanos |
|---|
| **TO** |
| The United States of America acting through the Rural Housing Service |

RECORD AND RETURN TO:
(name and address)

Rural Development
Attn: Loan Processing Center
441 South Salina Street
Suite 357
Syracuse, NY 13202-2541

*THIS IS PAGE ONE OF THE RECORDING*

**ATTACH THIS SHEET TO THE FIRST PAGE OF EACH RECORDED INSTRUMENT ONLY**

Omega Title Services        (845) 355-2121
PO Box 172                  (845) 355-2124
Slate Hill, NY 10973

MGD4799

## DO NOT WRITE BELOW THIS LINE

**INSTRUMENT TYPE:** DEED____ MORTGAGE __✓__ SATISFACTION____ ASSIGNMENT____ OTHER_____

### PROPERTY LOCATION

| | | | | |
|---|---|---|---|---|
| ____ 2089 | **BLOOMING GROVE (TN)** | ____ 4289 | **MONTGOMERY (TN)** | |
| ____ 2001 | WASHINGTONVILLE (VLG) | ____ 4201 | MAYBROOK (VLG) | |
| ____ 2289 | **CHESTER (TN)** | ____ 4203 | MONTGOMERY (VLG) | |
| ____ 2201 | CHESTER (VLG) | ____ 4205 | WALDEN (VLG) | |
| ____ 2489 | **CORNWALL (TN)** | ____ 4489 | **MOUNT HOPE (TN)** | |
| ____ 2401 | CORNWALL (VLG) | ____ 4401 | OTISVILLE (VLG) | |
| ____ 2600 | **CRAWFORD (TN)** | ____ 4600 | **NEWBURGH (TN)** | |
| ____ 2800 | **DEERPARK (TN)** | ____ 4800 | **NEW WINDSOR (TN)** | |
| ____ 3089 | **GOSHEN (TN)** | ____ 5089 | **TUXEDO (TN)** | |
| ____ 3001 | GOSHEN (VLG) | ____ 5001 | TUXEDO PARK (VLG) | |
| ____ 3003 | FLORIDA (VLG) | ____ 5200 | **WALLKILL (TN)** | |
| ____ 3005 | CHESTER (VLG) | ____ 5489 | **WARWICK (TN)** | |
| ____ 3200 | **GREENVILLE (TN)** | ____ 5401 | FLORIDA (VLG) | |
| ____ 3489 | **HAMPTONBURGH (TN)** | ____ 5403 | GREENWOOD LAKE (VLG) | |
| ____ 3401 | MAYBROOK (VLG) | ____ 5405 | WARWICK (VLG) | |
| ____ 3689 | **HIGHLANDS (TN)** | ____ 5600 | **WAWAYANDA (TN)** | |
| ____ 3601 | HIGHLAND FALLS (VLG) | ____ 5889 | **WOODBURY (TN)** | |
| ____ 3889 | **MINISINK (TN)** | ____ 5801 | HARRIMAN (VLG) | |
| ____ 3801 | UNIONVILLE (VLG) | | | |
| ____ 4089 | **MONROE (TN)** | | **CITIES** | |
| ____ 4001 | MONROE (VLG) | ____ 0900 | **MIDDLETOWN** | |
| ____ 4003 | HARRIMAN (VLG) | ____ 1100 | **NEWBURGH** | |
| ____ 4005 | KIRYAS JOEL (VLG) | ____ 1300 | **PORT JERVIS** | |
| | | ____ 9999 | **HOLD** | |

NO PAGES __10__ CROSS REF._____
CERT.COPY____ ADD'L X-REF._____
MAP#_____ PGS._____
PAYMENT TYPE:  CHECK __✓__
                      CASH_____
                      CHARGE_____
                      NO FEE_____

Taxable
CONSIDERATION $_____
TAX EXEMPT

Taxable
MORTGAGE AMT. $ __163,400__
DATE_____

**MORTGAGE TAX TYPE:**
__ (A) COMMERCIAL/FULL 1%
__ (B) 1 OR 2 FAMILY
__ (C) UNDER $10,000
__✓_ (E) EXEMPT
__ (F) 3 TO 6 UNITS
__ (I) NAT.PERSON/CR. UNION
__ (J) NAT.PER-CR.UN/1 OR 2
__ (K) CONDO

DONNA L. BENSON
ORANGE COUNTY CLERK

**RECEIVED FROM:** _____ Omega _____

RECORDED/FILED
03/24/2005/  13:19:25
County Clerk
DONNA L. BENSON
ORANGE COUNTY, NY

FILE # 20050032400
MORT/BK 11788 PG 1408
SER# CV030638 MTAX 0.00
BASIC 0.00
MTA 0.00
SPECIAL 0.00
SPECIAL ASST  0.00
RECORDING FEES 55.00
Receipt#396816  frances

RECORD & RETURN TO:

USDA Rural Development
Attn: Loan Processing Center
441 South Salina Street, Suite 357
Syracuse, New York  13202-2541

Form RD 3550-14 NY
(Rev. 6-03)

(Space Above This Line For Recording Data)

**United States Department of Agriculture**
**Rural Housing Service**

Form Approved
OMB No. 0575-0172

# MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on     March 16th, 2005 .     . [Date]
The mortgagor is     MICHAEL LANOS and JESSICA LANOS

("Borrower").

This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| March 16th, 2005 | $163,400.00 | March 16th, 2043 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of

Orange                          , State of New York:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEEOF MARKED
SCHEDULE "A"

which has the address of   16 Bruce Street          Port Jervis          , New York  12771
                          [Street]                   [City]                             [Zip]

("Property Address");

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Page 1 of 6

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Page 2 of 6

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the Property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so. Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Page 3 of 6

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

Page 4 of 6

Security Instrument.

**17. Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19. Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21. Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be decreed incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.** Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c)

Page 5 of 6

prescribing any other statue of limitations, (d) allowing any right of possession or, (e) limiting the conditions which Lender may be regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider    ☐ Planned Unit Development Rider    ☐ Other(s) [specify]

FEDERAL  AGENCY _ TAX  EXEMPT

Witnesses:

_____    _____ (Seal)
                           MICHAEL  LANOS      Borrower

_____    _____ (Seal)
                           JESSICA  LANOS      Borrower

## ACKNOWLEDGMENT

STATE OF NEW YORK        }
                         } SS:
COUNTY OF  SULLIVAN      }

On the ___16th___ day of ___March___ in the year __2005__, before me, the undersigned, a notary public in and for said State, personally appeared MICHAEL LANOS & JESSICA LANOS , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted, executed the instrument.

BRIAN PATRICK ROURKE
Notary Public, State of New York
Sullivan County Clerk's #2809
Commission Expires March 22, 20__

_____
                           Notary Public

Page 6 of 6

LENDER: UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICE
      OR SUCCESSOR AGENCY, UNITED STATED DEPARTMENT OF AGRICULTURE
BORROWER(s):  MICHAEL LANOS and JESSICA LANOS
LOAN NO.  0031940785

Parcel I

All that certain plot, piece or parcel of land situate, lying
and being in the **City of Port Jervis**, County of **Orange** and State
of New York and being more accurately bounded and described
as follows:

**BEGINNING** at a nail found in the southwesterly line of Bruce
Street at the northwesterly most corner of other lands of
DeCasal Properties, LLC and also being the northeasterly
corner of the herein described parcel and also being South 44
East, 75.00 feet from an iron pipe found; thence from the
said point or place of beginning and following along other
lands of DeCasal Properties LLC, South 46 degrees 00 minutes
00 seconds West, 96.00 feet to a point; thence along the line
of lands of Holley, North 44 degrees 00 minutes 00 seconds
West, 35.00 feet to a point; thence along the line of lands
of Amaro [dl. 11632 pg. 841], North 46 degrees 00 minutes 00
seconds East, 96.00 feet to a point in the southwesterly line
of Bruce Street and being, South 46 West, 0.55 feet from an
iron pipe found; thence along the southwesterly line of Bruce
Street, South 44 degrees 00 minutes 00 seconds East, 35.00
feet to the point or place of **BEGINNING**.

- continued -

SCHEDULE "A"
Page 1 of 2

LENDER: UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICE
    OR SUCCESSOR AGENCY, UNITED STATED DEPARTMENT OF AGRICULTURE
BORROWER(s):  MICHAEL LANOS and JESSICA LANOS
LOAN NO.  0031940785

## Parcel II

All that certain lot, piece or parcel of land situate, lying
and being in the **City of Port Jervis**, County of **Orange**, State
of New York and being more accurately bounded and described
as follows:

**BEGINNING** at a nail found in the southwesterly line of Bruce
Street at the northeasterly most corner of other lands of
DeCasal Properties, LLC and also being the northwesterly
corner of the herein described parcel and also being South 44
East, 75.00 feet from an iron pipe found; thence from the
said point or place of beginning and following along the
southwesterly line of Bruce Street, South 44 degrees 00
minutes 00 seconds East, 40.00 feet to a buried nail found;
thence along the line of lands of Broadhead, South 46 degrees
00 minutes 00 seconds West, 95.76 feet to an old buried bolt
found; thence along the line of lands of Francis M. Conroy
Living Trust, North 44 degrees 20 minutes 40 seconds West,
40.00 feet to a point; thence along the line of other lands
of DeCasal Properties, LLC, North 46 degrees 00 minutes 00
seconds East, 96.00 feet to the point or place of **BEGINNING**.

STATE OF NEW YORK

COUNTY OF ONONDAGA

                           SS:

       Douglas R. Westfall being duly sworn, deposes and says: That I am a Single Family

Housing Underwriter for the United States of America, Acting through Rural

Development, formerly Farmers Home Administration, U.S. Department of Agriculture.

       That Rural Development is an agency of the United States within the U.S. Department

of Agriculture for the purpose of administrating Government loan programs, as a Government

entity, it is exempt from the payment of mortgage taxes. Specific exemptions are also codified

at 7USC 1984 (1) and 42 USC 1490 h (1).

       This affidavit is made to support request for exemption from mortgage tax.

                                              Douglas R. Westfall

Sworn to before me this

11th Day of March, 2005

NOTARY PUBLIC

07

Exhibit C

Form RHS 3550-12
(10-96)

Form Approved
OMB No. 0575-0166

United States Department of Agriculture
Rural Housing Service

Account 

# SUBSIDY REPAYMENT AGREEMENT

1.    As required under Section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with Section 502 of the Housing Act of 1949, is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2.    When I fail to occupy or transfer title to my home, recapture is due.  If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but, payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated.  If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full.  In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3.    Market value at time of initial subsidy $ 169,000.00  less amount of Rural Housing Service (RHS) loans $163,400.00  less amount of any prior liens $ _____ equals my/our original equity $5,600.00  . This amount equals   3.3   % of the market value as determined by dividing original equity by the market value.

4.    If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, complete the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans.  Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

5.

| months loan outstanding | 1% | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
|---|---|---|---|---|---|---|---|---|
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

Average interest rate paid

6.    Calculating Recapture
        Market value (at the time of transfer or abandonment)
    LESS:
            Prior liens
            RHS balance,
            Reasonable closing costs,
            Principal reduction at note rate,
            Original equity (see paragraph 3), and
            Capital improvements.
    EQUALS
            Appreciation Value. (If this is a positive value, continue.)
    TIMES
            Percentage in paragraph 4 (if applicable),
            Percentage in paragraph 5, and
            Return on borrower's original equity (100% - percentage in paragraph 3).
    EQUALS
            Value appreciation subject to recapture.  Recapture due equals the lesser of this
            figure or the amount of subsidy received.

| Borrower | Date |
|---|---|
|  | 3/16/05 |
| Borrower | Date |
| Jessica ____ | 3/16/05 |

*Public reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to U.S. Department of Agriculture, Clearance Officer, STOP 7602, 1400 Independence Avenue, S.W., Washington, D.C. 20250-7602. **Please DO NOT RETURN** this form to this address. Forward to the local USDA office only.  You are not required to respond to this collection of information unless it displays a currently valid OMB control number.*

**Exhibit D**



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66506
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 206-2204 (FAX)

Committed to the future of rural communities



08/16/06

MICHAEL LANOS
JESSICA LANOS
16 BRUCE STREET
PORT    JERVIS        NY 12771

RE:   CONFIRMATION OF DELINQUENCE WORKOUT AGREEMENT
      Account Number:

Dear Homeowner:

This letter confirms the agreement made to bring your account current. As of 08/16/06 , your account
is $  1,975.01 past due. This agreement requires that you make a regular monthly payment plus an
additional payment of $         82.30 each month beginning 09/16/06 until your account is brought
current. As long as the payments are paid according to this schedule, your account will be current in
   24 months.

If you fail to make payments as agreed on this payment schedule, Rural Development will void this agreement
and take immediate action to remedy this delinquency. This could include foreclosure action.

If you have been previously notified of a personal check restriction on your account, your payment under
this agreement must also be in the form of a certified check, Cashier's check or money order payable to
USDA-RD.

Despite this agreement, your account is still considered past due and will be reported delinquent to the credit
bureaus but on a repayment plan. Late fees assessed during this plan will be waived if you keep this agreement
and payments are made on schedule.

You will receive a monthly billing statement reflecting the total of your regular payment and your agreement
amount. If your regular payment changes before your account is current, your billing statement may not reflect the
correct amount. If you need to verify the correct payment amount or need other assistance, call one of our loan
counselors toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only). We are available
7 a.m to 9 p.m. Monday through Thursday, 7 a.m. to 5 p.m. Friday and 7 a.m. to 1 p.m. Saturday Central Time.
Please be sure to refer to your RD account number listed at the top of this letter if you need to contact us by
telephone or in writing.

Sincerely,

Default Management Branch
Rural Development - Centralized Servicing Center

*(Traducción en Español al dorso)*

Web: http://www.rurdev.usda.gov
"USDA is an equal opportunity provider, employer and lender."
To file a complaint of discrimination write USDA, Office of Civil Rights, Programs, 300 7th Street SW, Room 400 (Stop 9430),
Washington, DC 20250-9410 or call (866) 632-9992 (Voice), (202) 401-0216 (TDD/TTY Hearing Impaired Only) or (202) 720-8046 (FAX)

**Exhibit E**

 

**United States Department of Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66506
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 206-2204 (FAX)

Committed to the future of rural communities

MICHAEL LANOS
JESSICA LANOS
16 BRUCE STREET
PORT   JERVIS     NY 12771

07/16/07

RE:  Account Number: 

Dear Homeowner

Previously you made an arrangement to bring your delinquent home loan current, and were set up on a repayment plan. However, it is apparent that you have not made the payments as agreed and have not kept this agreement.

As of the date of this letter, your account is $        3,708.57 past due.

This letter is to inform you that the Centralized Servicing Center has terminated this agreement for failure to make the payments as agreed.

Please refer to your original confirmation letter, which states:
If you fail to make payments as agreed on this payment schedule, this agreement will automatically become void, and Rural Development will take immediate action to remedy this delinquency.  This could include foreclosure action.

All past due payments and any charges against your account are now due in full. If appropriate, your account may be accelerated to foreclosure. Foreclosure means that you may lose your home.

Please contact the Centralized Servicing Center at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only) from 7 a.m. to 9 p.m. Monday through Thursday, 7 a.m. to 5 p.m. Friday and 7 a.m. to 1 p.m. Saturday Central Time to determine if there are any other servicing options available to you that may assist you in becoming a successful homeowner.  Please have your account number and social security number ready when you call.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); and because all or part of the applicant's income is derived from any public assistance program; or because the applicant has in good faith, exercised any rights under the Consumer Credit Protection Act.  The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission. If a person believes he or she was denied assistance in violation of this law, they should contact the Federal Trade Commission, Washington, D.C. 20580.

Sincerely,

Default Management Branch
Rural Development - Centralized Servicing Center

(Traducción en Español al dorso)

Exhibit F



**United States
Department of
Agriculture**

**Rural Development**
*Centralized Servicing Center*
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 206-2214 (FAX)



Committed to the future of rural communities

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

MICHAEL LANOS
16 BRUCE STREET
PORT  JERVIS        NY 12771

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF
THAT DEBT; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR  OPPORTUNITY
TO HAVE A HEARING CONCERNING THIS ACTION

Dear  MICHAEL LANOS

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable and demand is hereby made on
you to pay this entire indebtedness.  If payment in full is not made as demanded herein, the RHS
intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the indebtedness
by foreclosure of its lien(s) on your house.

| <u>Account Number(s)</u> | <u>Date of Instruments</u> | <u>Amount</u> |
|---|---|---|
| ▆▆▆▆▆▆▆ | 03/16/05 | 163400.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is $  158422.59        unpaid principal and
$ 4518.21        unpaid interest, as of  10/03/07, plus additional interest accruing at the rate
of $ 26.0421        per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Web: http://www.rurdev.usda.gov
"USDA is an equal opportunity provider, employer and lender."
To file a complaint of discrimination write USDA, Office of Civil Rights, Programs, 300 7th Street SW, Room 400 (Stop 9430),
Washington, DC 20250-9410 or call (866) 632-9992 (Voice), (202) 401-0216 (TDD/TTY Hearing Impaired Only) or (202) 720-8046 (FAX)

*H3000002802* L9051SSP

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



> USDA-Rural Development
> P.O. Box 790170
> St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   10/18/07  . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B. Herron
Branch Chief
CSC - Chief, Default Management Branch,
Rural Development
United States Department of Agriculture

Date:   10/03/07
Attachment
CC:   State Office

This letter was mailed certified and regular mail on   10/03/07 .

*H3000002804* L9061SSP



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 206-2214 (FAX)

Committed to the future of rural communities



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JESSICA LANOS
16 BRUCE STREET
PORT   JERVIS         NY 12771

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF
THAT DEBT; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR  OPPORTUNITY
TO HAVE A HEARING CONCERNING THIS ACTION

Dear   JESSICA LANOS

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable and demand is hereby made on
you to pay this entire indebtedness.  If payment in full is not made as demanded herein, the RHS
intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the indebtedness
by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| ▬▬▬▬▬▬ | 03/16/05 | 163400.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

    **MONETARY DEFAULT**

The balance of the account is $  158422.59        unpaid principal and
$ 4518.21          unpaid interest, as of 10/03/07, plus additional interest accruing at the rate
of $ 26.0421       per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Web: http://www.rurdev.usda.gov
"USDA is an equal opportunity provider, employer and lender."
To file a complaint of discrimination write USDA, Office of Civil Rights, Programs, 300 7th Street SW, Room 400 (Stop 9430),
Washington, DC 20250-9410 or call (866) 632-9992 (Voice), (202) 401-0216 (TDD/TTY Hearing Impaired Only) or (202) 720-8046 (FAX)

*H3O00002902* L9O51SSP

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



> USDA-Rural Development
> P.O. Box 790170
> St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   10/18/07  . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s);  (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

*H3000002903* L905ISSP



You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron
Branch Chief
CSC - Chief, Default Management Branch,
Rural Development
United States Department of Agriculture

Date:    10/03/07
Attachment
CC:    State Office

This letter was mailed certified and regular mail on    10/03/07 .

Exhibit G



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

March 7, 2008

CERTIFIED MAIL
<u>AND FIRST CLASS MAIL</u>

Jessica Lanos
16 Bruce Street
Port Jervis, NY 12771

Re: <u>**NOTICE OF INTENT TO FORECLOSE MORTGAGE**</u>

    Mortgaged Premises: 16 Bruce Street, Port Jervis, New York

Dear Ms. Lanos:

       I am the Assistant United States Attorney assigned to represent the Rural Housing Service of the United States Department of Agriculture ("USDA") with regard to collection on the above-referenced mortgage. You have breached the terms of the mortgage and promissory note by failing to make payments as required under the note. USDA has referred this matter to this Office for the purpose of instituting a suit to collect debts owed to the United States after administrative efforts have failed.

       The purpose of this letter is to notify you that unless the mortgage is paid in full by April 7, 2008, or you make other satisfactory payment arrangements with this Office, we will be compelled to institute a suit against you in the United States District Court to foreclose the mortgage.

       The amount required to satisfy the account, as of March 6, 2008, is $173,279.30. Interest continues to accrue on the principal balance at the rate of 6.0% annually. Your certified check or money order should be made payable to the Treasury of the United States and mailed to this Office by April 7, 2008.

Please contact me if you have any questions.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
TOMOKO ONOZAWA
Assistant United States Attorney
Tel.:  (212) 637-2721
Fax:   (212) 637-2686

-2-



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

March 7, 2008

**CERTIFIED MAIL**
**AND FIRST CLASS MAIL**

Michael Lanos
16 Bruce Street
Port Jervis, NY 12771

Re:  **NOTICE OF INTENT TO FORECLOSE MORTGAGE**

Mortgaged Premises: 16 Bruce Street, Port Jervis, New York

Dear Mr. Lanos:

I am the Assistant United States Attorney assigned to represent the Rural Housing Service of the United States Department of Agriculture ("USDA") with regard to collection on the above-referenced mortgage.  You have breached the terms of the mortgage and promissory note by failing to make payments as required under the note.  USDA has referred this matter to this Office for the purpose of instituting a suit to collect debts owed to the United States after administrative efforts have failed.

The purpose of this letter is to notify you that unless the mortgage is paid in full by April 7, 2008, or you make other satisfactory payment arrangements with this Office, we will be compelled to institute a suit against you in the United States District Court to foreclose the mortgage.

The amount required to satisfy the account, as of March 6, 2008, is $173,279.30.  Interest continues to accrue on the principal balance at the rate of 6.0% annually.  Your certified check or money order should be made payable to the Treasury of the United States and mailed to this Office by April 7, 2008.

Please contact me if you have any questions.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By:

TOMOKO ONOZAWA
Assistant United States Attorney
Tel.:  (212) 637-2721
Fax:  (212) 637-2686

-2-

**Exhibit 2**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  08 Civ. 4112 (WCC) |
| | ) | |
| MICHAEL LANOS, JESSICA LANOS, | ) | |
| THE COUNTY OF ORANGE, | ) | |
| JOHN DOES NOS. 1-10 and | ) | |
| JANE DOES NOS. 1-10, | ) | |
| | ) | **Affidavit of Amount Due** |
| Defendants | ) | |

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) ss: | |
| COUNTY OF ONONDAGA | ) | |

Jennifer R. Jackson, being duly sworn, deposes and says that:

1.     I am the Single Family Housing Program Director for the United States Department of Agriculture, Rural Housing Service (formerly Farmers Home Administration), having offices at The Galleries of Syracuse, 441 South Salina Street, Suite 357, Syracuse, New York 13202, and I am duly authorized to give this affidavit.

2.     I certify that Michael Lanos and Jessica Lanos (hereinafter the Defendant Mortgagors) are indebted to the United States of America for a total of $149,850.59 principal from 4/16/2007 on the Note account only.

3.     I certify that the Defendant Mortgagors are indebted to the United States of America for a total of $11,060.20 interest plus a daily interest accrual of $24.6330 from 4/16/2007 on the Note account only.

4.     I certify that the Defendant Mortgagors are indebted to the United States of America for a total of $4,690.61 principal on the advance account only.

5.     I certify that the Defendant Mortgagors are indebted to the United States of America for a total of $116.91 interest plus a daily interest accrual of $0.7710 on the advance account only.

6.     I certify that the Defendant Mortgagors are indebted to the United States of America for a total of $91.05 for uncollected Late charges on the Note account only.

7.     I certify that the Defendant Mortgagors are indebted to the United States of America for a total of $11,515.44 for interest credit assistance subject to recapture on the Note account only.

8.    Our records indicate the last date of credit on the account was 4/16/2007.

9.    The advances reflect property taxes/hazard insurance/maintenance paid by the Plaintiff on behalf of the Defendant Mortgagor.

10.    I certify that the Defendant Mortgagors are indebted to the United States of America for a total amount of $177,324.80 as of 7/08/2008.


JENNIFER R. JACKSON
Single Family Housing Program Director


On the 9th day of July, 2008, before me came Jennifer R. Jackson known to be the individual described in and who executed the foregoing instrument, and acknowledged to me that she executed the same.

_____
Notary Public

CARLA A. REESE
Notary Public for Cayuga Co.
Certificate # 01RE4706616
Commission Expires 3/31/20 11

**Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                      :      ECF CASE
UNITED STATES OF AMERICA,             :
                                      :      STATEMENT OF
             Plaintiff,               :      JUDGMENT
                                      :
        v.                            :      08 Civ. 4112 (WCC)
                                      :
MICHAEL LANOS, JESSICA LANOS,         :
THE COUNTY OF ORANGE, JOHN DOES       :
NOS. 1-10 and JANE DOES NOS. 1-10,    :
                                      :
             Defendants.              :
                                      :
- - - - - - - - - - - - - - - - - - -x

Principal amount sued for . . . . . . . . . . . . . $149,850.59

Interest on unpaid principal as of July 8, 2008  . . . $11,060.20

Advances on account  . . . . . . . . . . . . . . . $4,690.61

Interest on Advances as of July 8, 2008  . . . . . . . $116.91

Interest credit assistance . . . . . . . . . . . . $11,515.44

Uncollected late charges . . . . . . . . . . . . . . . $91.05

        SUBTOTAL   . . . . . . . . . . . . $177,324.80

        COSTS & STATUTORY ALLOWANCES

        Title report fee   . . . . . . . . . . . . $500.00
        Filing fee, Orange County  . . . . . . . . $245.00
        Fees paid for service
        of the summons and complaint  . . . . . . . $330.00
        Allowances under New York CPLR §§
        8302(b), 8302(d) and § 8303(a)(1)  . . . . . $500.00

        TOTAL COSTS AND STATUTORY ALLOWANCES . . . . $1,845.00

TOTAL AMOUNT OF JUDGMENT INCLUDING COSTS AND
        STATUTORY ALLOWANCES
        as of July 8, 2008   . . . . . . . . . . $179,169.80

**Exhibit 4**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ **SOUTHERN** _____ DISTRICT OF _____ **NEW YORK** _____

United States of America

## SUMMONS IN A CIVIL CASE

**V.**

Michael Lanos, Jessica Lanos, The County of
Orange, John Does Nos. 1-10 and Jane Does
Nos. 1-10

CASE NUMBER:

08 CV 4112

JUDGE CONNER

TO: (Name and address of defendant)

Jessica Lanos
16 Bruce Street
Port Jervis, NY 12771

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael J. Garcia
United States Attorney for the Southern District of New York
By: Tomoko Onozawa, Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

an answer to the complaint which is herewith served upon you, within _____ 30 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON                              MAY - 1 2008

CLERK _____        DATE _____

(BY) DEPUTY CLERK

ORIGINAL

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

United States of America

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

Michael Lanos, Jessica Lanos, The County of Orange, John Does Nos. 1-10 and Jane Does Nos. 1-10

# 08 CV 4112

JUDGE CONNER

TO: (Name and address of defendant)

County of Orange
Office of Community Development
233 Main Street
Goshen, NY 10940

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael J. Garcia
United States Attorney for the Southern District of New York
By: Tomoko Onozawa, Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

an answer to the complaint which is herewith served upon you, within _____ 30 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAY - 1 2008

J. MICHAEL McMAHON

CLERK

_(signature)_

(BY) DEPUTY CLERK

DATE

DISTRICT COURT     OF THE SOUTHERN DISTRICT OF NEW YORK     **AFFIDAVIT OF SERVICE**

OUNTY OF

| | |
|---|---|
| ATTORNEY: | CAPITAL PROCESS |
| FF/INDEX #: | 08 CV 4112 |
| DATE FILED: | |
| DOCKET #: | |

IITED STATES OF AMERICA

Plaintiff(s)/Petitioners(s)

- *AGAINST* -

ICHAEL LANOS, JESSICA LANOS, THE COUNTY OF ORANGE, JOHN DOES
OS. 1-10 AND JANE DOES NOS. 1-10

Defendants(s)/Respondent(s)

COURT D/T:

AMOUNT:

TATE OF NEW YORK COUNTY OF ORANGE ss:

IE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER
IE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

hat on **5/13/08**          at **6:37 pm**   at **16 BRUCE STREET, PORT JERVIS, NY 12771**

eponent served the within **SUMMONS IN A CIVIL CASE, COMPLAINT, ELECTRONIC CASE FILING NOTICE AND JUDGE'S RULES**

therein named

n **MICHAEL LANOS**

| IDIVIDUAL | ☑ | By Personally delivering to and leaving with said individual, and that he knew the person so served to be the person mentioned and described in said writ. |
|---|---|---|
| | ☐ | AND AT THE SAME TIME PAYING IN ADVANCE            THE AUTHORIZED FEE |

ESCRIPTION          Deponent describes the individual served as follows:

**MALE     WHITE SKIN     BROWN HAIR     40-45 YRS.     5'9"-5'11"     155-165 LBS.**

Other identifying features:

**BALDING, MUSTACHE**

| MILITARY SERVICE | ☑ | I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any capacity whatever and received a negative reply.  Defendant wore ordinary civilian clothes and no military uniform.  The source of my information and the grounds of my belief are the conversations and observations above narrated. |
|---|---|---|
| | | Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes. |

Sworn to before me on:  **5/16/08**

*Joan Kulikowski*

**JOAN KULIKOWSKI**

JOHN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES JULY 15, 20__
01G05013764

JOANN JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES AUGUST 15, 20_/0
01J05031856

KATHLEEN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES NOVEMBER 30, 20__
4632958

US DISTRICT COURT Case 7:08-cv-04112-WCC     Document 4     Filed 05/28/2008     Page 1 of 1     **AFFIDAVIT OF SERVICE**
COUNTY OF OF THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | ATTORNEY: CAPITAL PROCESS |
| | FF/INDEX #: 08 CV 4112 |
| **UNITED STATES OF AMERICA** | DATE FILED: |
| | DOCKET #: |

Plaintiff(s)/Petitioners(s)

- AGAINST -

**MICHAEL LANOS, JESSICA LANOS, THE COUNTY OF ORANGE, JOHN DOES
NOS. 1-10 AND JANE DOES NOS. 1-10**

Defendants(s)/Respondent(s)

COURT D/T:
AMOUNT:

## STATE OF NEW YORK COUNTY OF ORANGE ss:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER
THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on **5/13/08**              at **6:37 PM**   at **16 BRUCE STREET, PORT JERVIS, NY 12771**

deponent served the within **SUMMONS IN A CIVIL CASE, COMPLAINT, ELECTRONIC CASE FILING NOTICE AND JUDGE'S RULES**

on  **JESSICA LANOS**                                                                                       therein named

| | | |
|---|---|---|
| **SUITABLE AGE** ☑ | By delivering a true copy thereof to and leaving with   **MICHAEL LANOS - HUSBAND** | |
| | a person of suitable age and discretion, the said premises being the defendants - respondents | |
| | ☑ dwelling place ☐ place of business ☐ last known address | within the State of New York |
| ☐ | AND AT THE SAME TIME PAYING IN ADVANCE | THE AUTHORIZED FEE |

**DESCRIPTION**        Deponent describes the individual served as follows:

**MALE       WHITE SKIN       BROWN HAIR      40-45 YRS.       5'9"-5'11"       155-165 LBS.**

Other identifying features:

**BALDING, MUSTACHE**

**MAILING** ☑        Deponent completed said service under the last two sections by depositing a copy of the above named process
in a postpaid properly addressed envelope in an official depositary under the exclusive card and custody of the
United States Post Office in the State of New York, addressed to the defendant in an envelope bearing the legend
"Personal and Confidential" and not indicating on the outside of the envelope that the communication is from an attorney

Mailed on: **5/16/08**
☑ at his last known residence   ☐ at his place of business   ☐ at his last known address
Address confirmed by:

**MILITARY
SERVICE** ☑        I asked the person spoken to whether defendant was in active military service of the United States or of the state of
New York in any capacity whatever and received a negative reply.  Defendant wore ordinary civilian clothes and no
military uniform. The source of my information and the grounds of my belief are the conversations and observations
above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of
the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on:  **5/16/08**                                                *Joan Kulikowski*
                                                                                            **JOAN KULIKOWSKI**

| | | |
|---|---|---|
| JOHN GOULD | *Joann Johnson* | KATHLEEN GOULD |
| NOTARY PUBLIC, STATE OF NEW YORK | JOANN JOHNSON | NOTARY PUBLIC, STATE OF NEW YORK |
| QUALIFIED IN ORANGE COUNTY | NOTARY PUBLIC, STATE OF NEW YORK | QUALIFIED IN ORANGE COUNTY |
| COMMISION EXPIRES JULY 15, 20__ | QUALIFIED IN ORANGE COUNTY | COMMISION EXPIRES NOVEMBER 30, 20__ |
| 01G05013764 | COMMISION EXPIRES AUGUST 15, 20_10_ | 4632958 |
| | 01J05031856 | |

US DISTRICT COURT    OF THE SOUTHERN DISTRICT OF NEW YORK

COUNTY OF

**AFFIDAVIT OF SERVICE**

UNITED STATES OF AMERICA

| | |
|---|---|
| ATTORNEY: | CAPITAL PROCESS |
| FF/INDEX #: | 08 CV 4112 |
| DATE FILED: | |
| DOCKET #: | |

Plaintiff(s)/Petitioners(s)

- AGAINST -

MICHAEL LANOS, JESSICA LANOS, THE COUNTY OF ORANGE, JOHN DOES
NOS. 1-10 AND JANE DOES NOS. 1-10

Defendants(s)/Respondent(s)

COURT D/T:

AMOUNT:

STATE OF NEW YORK COUNTY OF ORANGE ss:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER
THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on **5/13/08**          at **6:37 PM**   at  **16 BRUCE STREET, PORT JERVIS, NY  12771**

deponent served the within  **SUMMONS IN A CIVIL CASE, COMPLAINT, ELECTRONIC CASE FILING NOTICE AND JUDGE'S RULES**

on  **JESSICA LANOS**                                                                                    therein named

SUITABLE AGE  ☑   By delivering a true copy thereof to and leaving with   **MICHAEL LANOS - HUSBAND**
a person of suitable age and discretion, the said premises being the defendants - respondents

☑ dwelling place        ☐ place of business        ☐ last known address        within the State of New York

☐   AND AT THE SAME TIME PAYING IN ADVANCE                    THE AUTHORIZED FEE

DESCRIPTION    Deponent describes the individual served as follows:

**MALE      WHITE SKIN      BROWN HAIR      40-45 YRS.      5'9''-5'11''      155-165 LBS.**

Other identifying features:

**BALDING, MUSTACHE**

MAILING  ☑  Deponent completed said service under the last two sections by depositing a copy of the above named process
in a postpaid properly addressed envelope in an official depositary under the exclusive card and custody of the
United States Post Office in the State of New York,addressed to the defendant in an envelope bearing the legend
"Personal and Confidential" and not indicating on the outside of the envelope that the communication is from an attorney

Mailed on: **5/16/08**

☑ at his last known residence        ☐ at his place of business        ☐ at his last known address

Address confirmed by:

MILITARY  ☑  I asked the person spoken to whether defendant was in active military service of the United States or of the state of
SERVICE         New York in any capacity whatever and received a negative reply.  Defendant wore ordinary civilian clothes and no
military uniform. The source of my information and the grounds of my belief are the conversations and observations
above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of
the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on:  **5/16/08**

*Joan Kulikowski*

**JOAN KULIKOWSKI**

JOHN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES JULY 15, 20__
01G05013764

*Joann Johnson*

JOANN JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES AUGUST 15, 20_10_
01J05031856

KATHLEEN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISION EXPIRES NOVEMBER 30, 20__
4632958

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
| --- | --- | --- |

United States of America

## SUMMONS IN A CIVIL CASE

**v.**

Michael Lanos, Jessica Lanos, The County of
Orange, John Does Nos. 1-10 and Jane Does
Nos. 1-10

CASE NUMBER: 08 CV 4112

JUDGE CONNER

TO: (Name and address of defendant)

Jessica Lanos
16 Bruce Street
Port Jervis, NY  12771

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael J. Garcia
United States Attorney for the Southern District of New York
By: Tomoko Onozawa, Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY  10007

an answer to the complaint which is herewith served upon you, within _____30_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON                          MAY - 1 2008

CLERK                                        DATE

(BY) DEPUTY CLERK

**Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Plaintiff,              :
                                    :        CLERK'S CERTIFICATION
        v.                          :
                                    :        08 Civ. 4112 (WCC)
MICHAEL LANOS, JESSICA LANOS,       :
THE COUNTY OF ORANGE, JOHN DOES     :
NOS. 1-10 and JANE DOES NOS. 1-10,  :
                                    :
            Defendants.             :
                                    :
- - - - - - - - - - - - - - - - - -x


        I, J. Michael McMahon, Clerk of the United States
District Court for the Southern District of New York, do hereby
certify that the docket entries in the above-captioned case
indicate that the complaint herein was filed on May 1, 2008;
Defendant Michael Lanos, was personally served with a copy of the
summons, complaint, notice of pendency and required notices
regarding electronic case filing on May 13, 2008; defendant
Jessica Lanos was served with a copy of the summons, complaint,
notice of pendency and required notices regarding electronic case
filing on May 13, 2008, by delivery to Michael Lanos, a person of
suitable age and discretion; defendant The County of Orange was
served with a copy of the summons, complaint, notice of pendency
and required notices regarding electronic case filing on May 13,
2008, by delivery to John Ebert, an individual authorized to
accept service of process on defendant The County of Orange.

None of the defendants has filed an answer or otherwise moved with respect to the complaint herein, and the time to answer or move with respect to the said complaint has expired.  The default of defendants Estate of Michael Lanos, Jessica Lanos and The County of Orange is hereby noted.

Dated:              , New York
        July   , 2008


_____
                    Clerk